## League *versus* Waring & Co.

Where the draft of a third party is received by a creditor from his debtor for a pre-existing debt, the presumption is that it was received as a conditional payment, unless there was an agreement that it was to be an absolute payment, and the burthen of proving such an agreement is upon the debtor.

October 13th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county* : Of October and November Term 1877, No. 158.

Assumpsit by William League against E. J. Waring & Co.

On the 8th of December 1873, League entered into a written contract with E. J. Waring & Co., to deliver to them 12,000 oil barrels during the year 1874. The barrels were to be delivered at the rate of 500 barrels during the first and last half of each month. Payments were to be made on each 500-barrel lot as delivered, with thirty-day paper drawn on Waring Bros. & Co., Philadelphia.

[League v. Waring & Co.]

League received from E. J. Waring & Co., for barrels delivered under the contract in the month of November, the draft of Waring Brothers on Waring, Bros. & Co., of Philadelphia, accepted by them, dated November 5th 1874, payable ninety days after date, for $2440. On the 4th day of January 1875, and before this draft matured, both Waring Brothers, and Waring Bros. & Co., failed, and went into bankruptcy. The draft was protested for non-payment, and this suit was afterwards brought to recover from E. J. Waring & Co., on the contract, the price of the barrels so delivered. E. J. Waring composed the firm of E. J. Waring & Co., and had his office in the same room, on Fifth avenue, Pittsburgh, with Waring Brothers. R. J. Waring and O. S. Waring, brothers of E. J. Waring, were the members of the firms of Waring Brothers, and of Waring Bros. & Co., of Philadelphia.

All the drafts received by League for barrels were delivered to him by E. J. Waring, at his office and the office of Waring Brothers, on Fifth avenue.

The drafts were negotiated by League as soon as received, and he was not aware that E. J. Waring & Co. were not liable on the drafts, until after the failure of Waring Bros. and Waring Bros. & Co. He did not know that E. J. Waring was not a member of these firms, and was never informed by him that he was not liable on the drafts. The drafts were made out by the direction of E. J. Waring, and were delivered by him.

It was contended, on behalf of the plaintiff, that under the contract, payments were to be made with the paper of E. J. Waring & Co., drawn on Waring Bros. & Co., of Philadelphia; that the debt was incurred when the contract was made, December 8th 1873, and that the acceptance by League of the draft of Waring Brothers on Waring Bros. & Co., on the 5th of November 1874, operated only as a conditional payment of the debt, it being payment of a pre-existing debt with the draft of a third party, and that it should be left to the jury to find, from the evidence in the case, whether or not the draft was accepted as absolute payment.

The plaintiff's first point, which the court, Stowe, P. J., refused, will be found in the opinion of this court.

His second point, which the court also refused, was as follows: That the presumption is that the drafts received by League were received only as conditional payment, and the burden of proof is on the defendant to satisfy the jury, by the weight of evidence, that it was the intention of the parties, or the agreement or understanding between them, that the drafts were received as absolute payment.

The verdict was for the defendants, and plaintiff took this writ, assigning for error the refusal of his points.

*J. W. Over*, for plaintiff in error.—The receipt of a third per-

son's check is not payment, unless expressly so received: McIntyre *v.* Kennedy, Childs & Co., 5 Casey 448 ; 2 Parsons on Notes and Bills 153; Tyson *v.* Pollock, 1 P. & W. 376; Vail *v.* Foster, 4 Comstock 312. The presumption that the note of a third party is payment of a debt, only arises when received at the time of contracting the debt, and even then the question should be left to the jury to determine, from all the evidence, whether the note was received as actual payment or not: Crawford *v.* Berry, 6 Gill & Johnson 71; Johnson *v.* Weed, 9 Johns. 310 ; 2 Daniels on Negotiable Instruments 265.

*W. S. Purviance*, for defendants in error.—On the question of presumption as to whether the note of a third party is taken as absolute or conditional payment, cited, 1 Smith's Leading Cases 595, 636 ; Christie *v.* Craige, 8 Harris 430 ; Gibson *v.* Tobey *et al.*, 46 N. Y. Court of Appeals 637 ; Darnal *v.* Morehouse, 45 N. Y. Appeals 64.

Mr. Justice PAXSON delivered the opinion of the court, November 19th 1878.

We think the court below erred in refusing the plaintiff's first point. The learned judge was asked to say "that under the agreement between William League and E. J. Waring & Co., they, E. J. Waring & Co., were to be the makers or drawers of the paper therein mentioned, and therefore the drafts of Waring Bros. on Waring Bros. & Co., which were accepted by League, would be only conditional payment of E. J. Waring & Co.'s indebtedness to League, unless there was an agreement or understanding between League and E. J. Waring & Co., that they were to be received by League as absolute payment; and if the jury believe from the evidence that there was no such agreement or understanding between the parties, and that the drafts were duly presented, protested and not paid, their verdict should be for the plaintiff." The agreement referred to was in writing; hence it was the duty of the court to place a construction upon it when called upon to do so. By the terms of said agreement E. J. Waring & Co., bought of William League 12,000 oil barrels at stipulated prices, to be delivered at the rate of 1000 barrels per month, in lots of 500 each, " payment to be made on each 500-barrels lot as delivered, with thirty-day paper, drawn on Waring Bros. & Co., Philadelphia." Here was a distinct agreement for payment by drafts on Waring Bros. & Co. But whose drafts ? Clearly the drafts of E. J. Waring & Co. They were the contracting parties. League could not have been compelled, under the agreement, to accept the drafts of any other person or firm. By taking the drafts of E. J. Waring & Co. he would hold the firm with whom he was dealing. The drafts of Waring Bros., a firm of which E. J. Waring was not a

[League *v.* Wasing & Co.]

member, on Waring Bros. & Co., given for a pre-existing debt, would only be conditional payment, unless there was an agreement that they were to be absolute payment. The burden of proving such an agreement was upon the defendants. The plaintiffs' first and second points should have been affirmed.

The judgment is reversed, and a *venire facias de novo* awarded.