## Cannonsburgh Iron Company, Limited, Plff. in Err., v. Union National Bank of Pittsburgh.

Where a cashier's check is given by a debtor to a creditor for a pre-existing debt, the presumption of law is that it was intended only as a conditional payment.

A surrender, by the creditor, of the note of the debtor, upon receipt of the check, will not overcome this presumption.

Facts cannot be inferred in a case stated; and what is not stated must be presumed not to exist.

(Decided October 4, 1886.)

In error to Common Pleas, No. 1, Allegheny County to review a judgment for plaintiff. Affirmed.

Cited in Holmes v. Briggs, 131 Pa. 233, 240, 17 Am. St. Rep. 804, 18 Atl. 928; Herman v. Northampton Co. 1 Maxwell, 137.

NOTE.—The acceptance by a creditor of a new note or bill for a pre-existing debt is presumed to be only a conditional payment. Hutchinson v. Woodwell, 107 Pa. 509; Berlin Iron Bridge Co. v. Bonta, 180 Pa. 448, 36 Atl. 867; McCartney v. Kipp, 171 Pa. 644, 33 Atl. 233. The presumption is, however, rebuttable by proof on the part of the defendant. League v. Waring, 85 Pa. 244; Shepherd v. Busch, 154 Pa. 149, 35 Am. St. Rep. 815, 26 Atl. 363; Hyatt v. Johnston, 91 Pa. 196. It is for the jury to determine what the intention was. Bixler v. Lesh, 6 Pa. Super. Ct. 459; Trymby v. Andress, 175 Pa. 6, 34 Atl. 347; Crindland v. Stevens, 8 Pa. Super Ct. 41, 43 W. N. C. 243; Collins v. Busch, 191 Pa. 549, 43 Atl. 378.

Amicable action of trespass on the case, and case stated, in which the following facts were agreed upon:

On May 24, 1884, the defendant was indebted to the plaintiff in the sum of $2,237.67, for which the plaintiff held the promissory note of the defendant, which that day matured and became payable. On the same day the defendant had on deposit to its credit, with the Penn Bank, a corporation carrying on the business of banking in the city of Pittsburgh, the sum of $3,115.02, subject to check, no part of which has been paid defendant except as herein stated: the defendant drew its check on the Penn Bank aforesaid for $2,237.67, and presented the same to the said Penn Bank, which received the same and charged the same to the defendant's account, and issued and delivered to the defendant an instrument in writing, in the form, words, and figures following, to wit:

No. 24,438.                    Pittsburgh, May 24, 1884.

### PENN BANK.

*Pay to the order of R. S. Smith, Esq., Ca.*

*Twenty-two hundred thirty-seven* $^{67}$ *Dollars.*   $2,237.$^{67}$

E. G. Normecutt,

Teller.

*Cashier's Check.*

—the said R. S. Smith being the cashier of the plaintiff bank.

The defendant received the instrument last mentioned, and, on the same day, presented the same, without indorsement, to the plaintiff, which received the same and delivered to the defendant its promissory note aforesaid.

On May 26, 1884, the 25th being Sunday, the plaintiff caused the said instrument, issued as aforesaid by the said Penn Bank, to be duly presented, duly indorsed to the said Penn Bank, at its banking house, for payment thereof, and payment thereof to be there duly demanded of said Penn Bank, which was then and there refused by the said Penn Bank, which had suspended and

has not since resumed payment of its obligations, being insolvent; whereupon the same instrument was the same day duly protested for nonpayment thereof, and the plaintiff the same day duly notified the defendant of said presentment, demand, and refusal, demanded payment by the defendant of the said sum of $2,237.67, and offered to return to the defendant, duly indorsed, but without recourse, the said instrument so protested as aforesaid, which the plaintiff is and has always been ready and willing to return to the defendant, duly indorsed, but without recourse, upon payment of the said sum of $2,237.67, with the interest thereon, or the return of the said promissory note, by the defendant to the plaintiff.

On May 28, 1884, the said Penn Bank assigned all its property to Henry Warner, Esq., in trust for its creditors; at which time, without charging against it the amount of the said instrument so protested as aforesaid, there was to its credit with the plaintiff the sum of $965.85, being a balance of the proceeds of sundry notes, of which none were payable when the said assignment for creditors was made; and some are now, and others not yet payable, which were made for the accommodation of the said Penn Bank and indorsed by it, and were discounted for it by the plaintiff, on May 23, 1884, in reliance upon its solvency, although it was then insolvent, and are now held by the plaintiff; for the recovery of which sum of $965.85 an action has been brought by the said Warner, assignee as aforesaid, against the plaintiff, in said court, and is yet pending.

If on the foregoing case the plaintiff is entitled to recover, the judgment to be for the plaintiff and against the defendant, for $2,237.67, or for the same less $965.85, as shall be adjudged right, with interest from May 24, 1884, $1.50 costs of protest, and costs of suit; otherwise judgment to be for the defendant for its costs.

The court entered judgment, in the following opinion by STOWE, P. J.:

"I do not think, under the facts set out in the foregoing case stated, that the receipt of the cashier's check of the Penn Bank and the contemporaneous delivery to defendant (of the note in

question) amounted to anything more than conditional payment. But as the plaintiff had some $965.85 belonging to the Penn Bank in its possession and to its credit, upon its books, as due it by plaintiff, and which it could *pro tanto* have set off the amount of this cashier's check against at the time of demand and refusal of payment; and as the assignee can stand in no better position than his assignor in this regard, I think equity would give defendant a right to require plaintiff to hold such sum for its use and benefit; and therefore to that extent I am of opinion defendant is entitled to a set-off against plaintiff's claim.

"Judgment is now directed to be entered, on the foregoing case stated, in favor of plaintiff and against defendant, for $2,237.67, less $965.85, the amount to the credit of the Penn Bank as above stated, *viz.:* $1,271.82, with interest from May 24, 1884, and costs of suit."

The plaintiff and defendant both excepted. The plaintiff assigned for error the action of the court: 1, in not holding that the check was satisfaction and discharge of the note; 2, in not entering judgment for the defendant; and 3, in entering judgment for the plaintiff as above.

For decision on defendant's exception, see Union Nat. Bank v. Cannonsburgh, *post,* 58.

*George W. Guthrie, for plaintiff in error.*—A debt may be satisfied and discharged either by novation or by accord and satisfaction. While neither of these constitutes a technical payment, either operates as fully to satisfy and discharge the debt as though it had been actually paid.

The general rule (that where a negotiable instrument, whether of the debtor himself or of a third person, is received in consideration of a pre-existing indebtedness, the prima facie presumption is that it is received simply as conditional payment) is subject to at least one well-established exception: in Bayard v. Shunk, 1 Watts & S. 92, 37 Am. Dec. 441, this court held that the acceptance by the creditor from the debtor, of bank notes, would be presumed to be a discharge and satisfaction of the debt, even though the bank had failed at the time.

A cashier's check has all the characteristics of "currency," and resembles an ordinary bank note in every particular. It is issued by a regularly organized banking company; being commercial paper, it will pass from hand to hand, free from any equities affecting prior parties (Penn Bank v. Frankish, 91 Pa. 339); it does not bear interest, and therefore, like "cash," is only valuable as a medium of exchange; it is payable on demand, without grace; it circulates on the credit of the bank issuing it.

The instruments being alike in all their characteristics, the necessity for uniformity in commercial law requires that they should be given the same technical operation in all business transactions.

They were adopted, as bank notes were adopted, to facilitate business transactions. It would be utterly impossible to carry on financial and commercial operations in the large business centers without them; both because there is not sufficient actual cash with which to pay debts, and because if there were, the delay in counting such cash would render it impossible to get through the daily business.

The language of Chief Justice GIBSON, in the case of Bayard v. Shunk, 1 Watts & S. 92, 37 Am. Dec. 441, applies to such instruments without the change of a word: "They are lent by the banks as cash; they are paid away as cash; and the language of Lord MANSFIELD in Miller v. Rice, 1 Burr. 452, was not too strong when he said: 'They are not goods, nor securities, nor documents for debts; but are treated as money, as cash, in the ordinary course and transaction of business, by the general consent of mankind, which gives them the credit and currency of money to all intents and purposes; they are as much money as guineas themselves are, or any other coin that is used in common payments as money or cash.' If such were their legal character in England, where there was but one bank, how emphatically must it be so here, where they have supplanted coin for every purpose but that of small change, and where they have excluded it from circulation almost entirely."

Where the holder of a note surrenders it at maturity to the maker, and accepts from him the note of a third person, payable to his (the holder's) own order, the original note is satisfied and

the maker's liability thereon is at an end.    This rule is applied
to instruments under seal.    Shep. Touch. p. 70; Cross v. Powel,
Cro. Eliz. pt. 2, p. 483; Licey v. Licey, 7 Pa. 251, 47 Am. Dec.
513.

Certainly it should be applied to the case of the surrender at
maturity of a negotiable instrument which passes from hand to
hand by mere delivery.

A note for a less sum than the amount of the debt will dis-
charge the debt.    Goddard v. O'Brien, L. R. 9 Q. B. Div. 37,
and cases cited.

Where in a case stated the evidence of the facts is set forth
rather than the facts themselves, the court will treat it as a de-
murrer to the evidence, and draw every inference which a jury
might draw.    Ament v. Sarver, 2 Grant, Cas. 34; Parker v.
Urie, 21 Pa. 305.

In 2 Am. Lead. Cas. 271, the rule is said to be that when the
securities held by the creditor are surrendered at the time
the new instrument is delivered and accepted, the inference will
be strong, if not irresistible, that the debt is satisfied.

In Davis's Estate, 5 Whart. 538, 34 Am. Dec. 574, it ap-
peared that on the maturity of a joint obligation, one of the
debtors gave to the creditor his own individual obligation for the
amount, and the original joint obligation was delivered to him.
In delivering the opinion of the court, ROGERS, J., says:

"Whether taking the separate note of one of the partners
amounts to an extinguishment or satisfaction of a joint debt
depends upon the intention of the parties; and in the absence of
all proof of a special contract, the giving up or the retention of
the original security will in general be a decisive circumstance;
for it is difficult to account for the fact, except on the supposi-
tion that in the one case it was intended, in case of need, to en-
force the joint liability; or, in the other, to depend altogether
upon the responsibility of one of the joint debtors.  Where a
joint debtor insists that the separate note is substituted and is in
satisfaction of a joint debt, the onus is thrown upon him; and to
discharge himself from liability it will be necessary to show a
special contract to that effect; or that, in addition to a separate
note being taken for the amount of debt, the original bills were
given up."

This language was cited and relied upon in Morriss v. Harvey, 75 Va. 732. See also Arnold v. Camp, 12 Johns. 409, 7 Am. Dec. 328; Dennis v. Williams, 40 Ala. 633; Harris v. Lindsay, 4 Wash. C. C. 273, Fed. Cas. No. 6,124.

Plaintiff accepted the cashier's check payable to its own order and, without requiring any guaranty, surrendered the note to the maker. The inference is irresistible that it accepted the new obligation in satisfaction and discharge of the old one.

In Chitty on Contracts, p. 826, the author says: "It was decided in the case of Eyles v. Ellis, 4 Bing. 112, that an actual transfer of the amount of a debt in a banker's books from the account of the debtor to that of the creditor with the assent of both is equivalent to payment." See also 2 Parsons, Contr. p. 137, where the same rule is laid down. This is exactly what was done in the present case.

*John G. Bryant,* for defendant in error.—A payment of a pre-existing debt by the check, draft or note of a third person is presumed in law to be conditional only, and to overcome the presumption an agreement must be shown. McIntyre v. Kennedy, 29 Pa. 448; League v. Waring, 85 Pa. 244; Waring v. Wunderlich, 25 Pittsb. L. J. 73; Miller v. Lotz, 32 Pittsb. L. J. 139.

In the case of a payment by check, the presumption is even stronger than in the case of payment by note or bill. Olcott v. Rathbone, 5 Wend. 490; Heartt v. Rhodes, 66 Ill. 351.

And in case of payment by check, an agreement that the payment should be unconditional cannot be presumed as matter of law or inferred as matter of fact, from the fact of the surrender of an old note or bill on receipt of the check. Russell v. Hankey, 6 T. R. 12; Ridley v. Blackett, Peake, Add. Cas. 62; Olcott v. Rathbone, 5 Wend. 490; Johnson v. Bank of North America, 5 Robt. 554; Smith v. Miller, 6 Robt. 157; Turner v. Bank of Fox Lake, 3 Keyes, 425; Burkhalter v. Second Nat. Bank, 42 N. Y. 538.

The delivery or surrender to the maker of the old note, upon its being renewed, does not in itself raise a presumption of its extinguishment by the new; it being considered as a conditional surrender, and that its obligation is restored and revived if the

new note be not duly paid.   2 Dan. Neg. Inst. § 1266a.   See also Merchants' Nat. Bank v. Good, 21 W. Va. 455; Heartt v. Rhodes, 66 Ill. 351; Hunter v. Moul, 98 Pa. 13, 42 Am. Rep. 610.

Respecting the cases seeming to hold the contrary it may be observed:   In the Davis's Estate, 5 Whart. 538, 34 Am. Dec. 574, and Harris v. Lindsay, 4 Wash. C. C. 273, Fed. Cas. No. 6,124, no notes had been given up, and the opinions were in that respect mere *dicta;* Manuel v. Mississippi R. Co. 2 Pa. St. 198, was on a certificate of deposit taken up by the bank and paid in its bank bills, which were again deposited on receipt of a new certificate; and the court said:   "The case does not resemble those that have been cited, where a note or security were taken for a subsisting debt. . . .   The true mode of viewing it . . . is that of an instrument of a special character, binding the bank to the payment of certain money, which money . . . has been paid him, and again deposited under a new engagement."

Macungie Sav. Bank v. Hottenstein, 89 Pa. 328, was a case of payment by an accommodation indorser, who received the old note, and thereby acquired the legal title thereto, and is not like the case of payment by the principal debtor by delivery of a new note.   In Morriss v. Harvey, 75 Va. 726, the note had been received expressly in "satisfaction of a judgment" on the notes given up.   Arnold v. Camp, 12 Johns. 409, 7 Am. Dec. 328, is now of no authority, in view of the later cases in the same state cited above, unless there be a distinction between the cases of payment by note and by check; and Dennis v. Williams, 40 Ala. 633, was ruled when the question of the presumption, where the old note was not given up, was still open in that state, and is therefore now of no authority.

In the case of Eyles v. Ellis, 4 Bing. 112, cited in the quotation under the fourth head of the argument for the plaintiff in error, the bank was the agent of the creditor for collection.   The proposition there quoted, if correct, is not applicable to the present case, for in it there was no transfer of account, or consent thereto.   But there is no difference between a transfer on a banker's book and a transfer on any other person's, for the rela-

tion of banker and customer is merely that of debtor and creditor.    National Bank v. Millard, 10 Wall. 152, 19 L. ed. 897.

That the check in question was payable to the plaintiff below, or its cashier, makes no difference, as is shown by the cases of League v. Waring, 85 Pa. 244; Waring v. Wunderlich, 25 Pittsb. L. J. 73, and Miller v. Lotz, 32 Pittsb. L. J. 139.

The cases respecting payment by bank bills have no application to the present.    A bank bill or note is one issued to pass current as money, for an indefinite period, in the daily transactions of the people, and must be negotiable by mere delivery. Morse, Banks & Banking, chap. VIII. pp. 458, 459.

Cashiers' checks are not intended to circulate as money for an indefinite period, or for any period; but are merely instruments for making payment in money.    They do not purport to be obligations or promises of the bank to pay money, and they only bind it by way of estoppel.

If one go to his banker and draw on and present to him a check, at the same time directing the amount thereof to be paid to his creditor, and the creditor, on hearing an order by the banker's teller for payment accordingly, in expectation of such payment, surrender a note to his debtor, could it be pretended, the banker then refusing to pay, that the note had been paid? This is the present case.

Assuming that an inference of an agreement to accept in absolute payment might be drawn from the fact of the surrender of the note, it cannot be drawn by the court.    A presumption of one fact from others is an inference of fact, and cannot be drawn by the court.    Diehl v. Ihrie, 3 Whart. 143.

A case stated is like a special verdict, and subject to the same rules.    Diehl v. Ihrie, 3 Whart. 143; Philadelphia & R. R. Co. v. Waterman, 54 Pa. 337; Kinsley v. Coyle, 58 Pa. 461.

The court is confined to the facts found by a special verdict, and cannot supply the want thereof by any argument or implication from what is expressly found.    Thayer v. Society of United Brethren, 20 Pa. 60; Loew v. Stocker, 61 Pa. 347.

In a case stated, whatever is not distinctly and expressly agreed upon and set forth as admitted must be taken not to exist. Diehl v. Ihrie, 3 Whart. 143; Berks County v. Pile, 18 Pa. 493; Philadelphia & R. R. Co. v. Waterman, 54 Pa. 337.

And if, instead of finding facts, it finds the evidence from which they may be inferred, a *venire* will be awarded.   Kinsley v. Coyle, 58 Pa. 461; Holmes v. Wallace, 46 Pa. 266.

OPINION BY MR. CHIEF JUSTICE MERCUR:

We concur in opinion with the learned judge, that the receipt by the defendant in error, of the cashier's check on the Penn Bank, and the cotemporaneous delivery of the note to the maker thereof, was a conditional payment, only, of the note.

The check was taken for a pre-existing debt.   The case stated does not aver any agreement that it was to be accepted as an absolute payment.   The burden of proof was on the maker of the note to overthrow the presumption that the check was taken as a conditional payment.   It was of no higher character than the note, and it certainly was not money.   Brown v. Scott, 51 Pa. 357; League v. Waring, 85 Pa. 244; Miller v. Lotz, 15 Pittsb. L. J. 139.

A case stated is in the nature of a special verdict.   Facts must be stated, and not left to inference.   What is not stated must be presumed not to exist.   Berks County v. Pile, 18 Pa. 493.

Due diligence was used in presenting the check on the next business day after it was received, and payment thereof was demanded and refused.   Thereupon, on the same day, the check was duly protested for nonpayment, and the plaintiff in error was duly notified of the presentment, demand, and refusal.   Payment of the note was demanded, accompanied with an offer, on its payment, to return the check.

The check not having been taken as a payment, and nothing having been realized thereon, the plaintiff in error has no just cause to complain of this judgment.

Judgment affirmed.