## Shepherd *v.* Busch, Appellant.

*Payment—Note of third person—Receipt.*

Where the note, draft or check of a third party is received by a creditor from his debtor for a pre-existing debt, the presumption is that it is received as a conditional payment unless there is an agreement that it is to be an absolute payment, and the burden of proving such an agreement is upon the debtor: League v. Waring & Co., 85 Pa. 244.

A creditor accepted from his debtor a certain amount of the debt in cash and the remainder in notes of third parties. He gave a receipt for the gross sum represented by the cash and notes, but it did not appear in the receipt that the notes were received as an absolute payment. The creditor denied that he accepted the notes as an absolute payment of so much of his debt. *Held,* that the receipt was some evidence of the debtor's contention, and was to be considered by the jury, but that it was very feeble proof in support of such contention.

*Cross-examination—Immaterial error.*

In such a case it is not reversible error to permit the debtor's agent to testify on cross-examination that the same kind of notes had been given to other creditors.

Argued March 30, 1893.    Appeal, No. 216, Jan. T., 1893, by defendant, Clarence M. Busch, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1891, No. 204, on verdict for plaintiff.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit on building contract.

At the trial before BREGY, J., it appeared that defendant owed plaintiff $1,405 balance on building contract.    On Oct. 3, 1891, plaintiff received from defendant two promissory notes for $500 each of the T. C. Knauff Co., and $425 in cash, and gave a receipt for $1,405, the notes being taken at a discount of two per cent from their face.    The receipt did not show that the notes were taken as an absolute payment of so much of the debt, but merely acknowledged the amount of $1,405 received "on account of contract for plastering."

When Harry Weekey, defendant's agent, was on the stand, he was asked by plaintiff on cross-examination: "Q. Didn't you give the same kind of notes to other people on the same operation?    Objected to.    Mr. Chase: I propose to show that

they gave them to nearly all the material-men on the operation. Objected to. Objection overruled and exception. Q. How many other people on the operation did you give the same kind of notes to? A. Well, in one or two cases I was asked and I gave them." [4]

The court charged in part as follows:

"Now, consider all the circumstances in this case, the receipt and the papers, and all that was said. Did Mr. Shepherd receive these notes in payment of his debt? If he did, that is the end of it; your verdict should be for the defendant. [But if he did not receive them in payment of his debt—in payment of what Mr. Busch owed him—or, rather, in payment of $1,000 of the debt—why, then, your verdict should be for the plaintiff for the amount of his indebtedness.] [1]

"There is a receipt here. That you are to consider. If you believe that that receipt shows that Mr. Shepherd intended to receive those in payment of his debt, why, you can take it as evidence of that; but, on the other hand, the fact that he gave a receipt in the words that he did does not bar him from explaining the receipt or of satisfying you that it did not mean the words that were therein stated. In other words, the receipt is not a bar to his showing you that the facts were different from what the face of the receipt might seem to indicate.

"As I have said again and again, and as counsel have said to you in the case, [the only thing in it is, was it given as payment or as collateral security? That is for you to decide.] [2]

"The only thing in it is, that if you believe he was induced to receive them in payment under a false story about their value—if the man told him they were good, and that if the bank did not take them he would take them back—why, then, of course, the man had a right to go back if the bank would not take them and ask to have his money paid to him. But that brings us right back to where we were before—the original proposition; [were they taken as a payment to wipe out that much of the debt which Mr. Busch owed to Mr. Shepherd, or were they only taken as collateral security?] " [2]

Verdict and judgment for plaintiff for $1,069. Defendant appealed.

*Errors assigned* were, (1–2) instructions, (3) in submitting

to the jury to find that the notes in question were taken as collateral security only; and (4) ruling on evidence; quoting instructions, bill of exception and evidence.

*George L. Crawford, Henry C. Loughlin* with him, for appellant.

*Charles A. Chase, Charles C. Lister* with him, for appellee, cited: League v. Waring, 85 Pa. 244; Holmes v. Briggs, 131 Pa. 233; Bell v. Bell, 12 Pa. 235; McElheny v. Bridge Co., 153 Pa. 108.

OPINION BY MR. JUSTICE GREEN, April 10, 1893:

The question whether the two notes for $500 each were taken as absolute payment of that amount of the debt due by the defendant to the plaintiff, was a pure question of fact dependent upon whether an actual agreement to that effect was made by the parties. It was, of course, for the exclusive determination of the jury. The learned court below very correctly instructed them as to their duty and as to the character of the question they were to decide. The whole subject was left entirely to them and they found that the notes were not taken as payment, and an examination of the testimony convinces us that they could not have done otherwise. The only written evidence submitted by the defendant in support of his contention was the receipt for $1,405 on account. It is conceded that only $425 was paid in cash and the remainder was made up by the amount of the notes, as is a very common practice in the business world, when notes or other obligations are delivered in making a payment. But it by no means follows from the mere fact of a receipt having been given for the gross sum represented by the cash and paper, that the paper is accepted as absolute payment. That depends upon actual agreement. In determining that question the receipt is some evidence and is to be considered, just as the court below instructed the jury in this case. But when the receipt is intended to be proof of an agreement to receive the paper of third persons as absolute payment of that much in money it ought to say so. This receipt says nothing upon that subject and therefore is very feeble proof in support of such a contention.

The testimony of the plaintiff on the trial is a complete answer to it, if believed by the jury, and the verdict in his favor is conclusive that his testimony was believed.

As to the mere acceptance of the notes, and its effect upon the main question, a single citation from one of our recent decisions is sufficient. In the case of Holmes v. Briggs, 131 Pa. 233, the present Chief Justice said, "Nothing is better settled than that in the absence of any special agreement to the contrary the mere acceptance by a creditor from his debtor of the note or check of a third person, to the creditor's order, for a pre-existing indebtedness, is not absolute, but merely conditional payment, defeasible on the dishonor or nonpayment of the note or check, and in that event the debtor remains liable for his original debt."

In League v. Waring & Co., 85 Pa. 244, we held that where the draft of a third party is received by a creditor from his debtor for a pre-existing debt, the presumption is that it was received as a conditional payment, unless there was an agreement that it was to be an absolute payment, and the burthen of proving such an agreement is upon the debtor.

There is no merit in the fourth assignment of error, and if there were it is of too trifling effect to justify a reversal on that ground.

Judgment affirmed.