## Frank P. Lauer *v.* Joseph Yetzer, Appellant.

*Promissory note—Novation—Burden of proof.*

Where a creditor accepts the note of a third person in payment of his debt a novation takes place, but the mere acceptance of such note, however, does not constitute a novation without some evidence that it was taken in satisfaction of the debt.   The burden of proof is upon the party asserting the novation.

*Practice, C. P.—Discretion of court as to evidence after case is closed.*

To admit or exclude additional evidence after the evidence is formally closed, is a matter within the discretion of the trial court; and the appellate court will not reverse the decision unless there has been a very plain abuse of discretion.

*Practice, C. P.—Charge of court—Failure to rehearse and comment on evidence.*

Where a case turns upon a single question of fact, which is, whether one of the parties made a certain express promise, and the trial judge accurately and plainly states the question, and fairly submits it to the jury, he cannot ordinarily be convicted of error because he did not rehearse the evidence on the one side and the other, and comment on the bearing of the particular corroborating circumstances where he was not requested to do so.

Argued Nov. 14, 1896. Appeal, No. 154, Nov. T., 1896, by defendant, from judgment of C. P. Berks Co., Aug. T., 1894, No. 121, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit on a promissory note. Before ERMENTROUT, P. J.

The facts sufficiently appear from the charge of the court, which is as follows:

Frank P. Lauer, the plaintiff, brings suit upon a promissory note dated November 21, 1893, signed by Albert B. Kuhns and Levi Kuhns, on which ·Joseph Yetzer became accommodation indorser. There is no dispute about the manner in which the note was given. It is admitted that Kuhns was in the saloon business, and that this note was given for the purchase of the stock and fixtures of the saloon No. 1040 Buttonwood street, this city. Having given this note to Mr. Kershner, the agent of Mr. Lauer, Mr. Kuhns obtained possession of the stock and fixtures. If the case stood there, Mr. Lauer would be entitled to a verdict for $550 with interest from January 24, 1894, when the note became due.

The defendant being called upon makes defense, and what is that defense? He claims that it was desirable to pass this saloon to one Joseph Steigerwald, and that his assent to the transfer of the license was necessary; that George Kershner came to the house, that he got talking with him about this matter, and that Kershner said that if the license and the stock were transferred, Yetzer need not pay this note. Counsel for defendant say and ask us to say to you that if you believe the evidence of Mr. and Mrs. Kuhns, that the consideration for the transfer of license and the signing the Steigerwalt agreement was the

release of Yetzer, the verdict must be for the defendant. We say so. [So that the whole issue presented for your consideration is this: Was there a promise on the part of Kershner made to Kuhns that if the license and stock were transferred, this note need not be paid? If there was, then the verdict will be for the defendant. If there was not any such promise, then the verdict will be for the plaintiff. That is the whole case.] [1]

In this case, as in most cases brought to the consideration of the jury, there is considerable discrepancy in the testimony. It is the duty of the jury to try and reconcile all the testimony in the case. If they cannot do that, then they must make up their minds which witnesses are to be believed. [Here is a note. What is the defense? If the jury believe from the evidence in this case that the license and the stock and fixtures were transferred upon the promise made by Kershner that this note need not be paid, then you will return a verdict for the defendant. For Kershner is Lauer, and Lauer is bound by whatever Kershner agreed to promise. Whether Lauer was present or not or knew anything about the transaction himself, Kershner stands in the place of Lauer, and Lauer is bound by whatever he said.

This promise is denied by Kershner. If no such promise was given, then the plaintiff is entitled to recover. If the promise was made as contended for, then verdict for defendant.] [2]

*Errors assigned* were (1, 2) portions of the judge's charge, reciting same; (3) in rejecting the following testimony offered by the defendant:

Albert B. Kuhns sworn: " Q. You have said Mr. George W. Kershner desired you to sell out to Mr. Joseph Steigerwald? A. Yes, sir; they did not ask me to sell, they just came and wanted me to transfer the license to him, and if I would do that I could remove my things. Q. That is, your household goods? A. Yes, sir. Q. Did you prior to that time have a purchaser for this saloon at more than the amount of the note, who was rejected by Mr. Kershner? "

Mr. Rourke: Objected to as irrelevant and immaterial.

The Court: Objection sustained for the present. Exception for the defendant. (4) In rejecting testimony offered

by the defendant in rebuttal to testimony given in rebuttal by plaintiff, such offer having been made after the case had been closed; (5) in refusing binding instructions for defendant.

*Wm. K. Stevens,* of *Stevens & Stevens,* for appellant.

*Rourke & Heinly,* for appellee.

OPINION BY RICE, P. J., February 16, 1897:

This was an action of assumpsit on a negotiable promissory note for $550, given by one Albert Kuhns, with the defendant, Joseph Yetzer, as indorser, to the plaintiff, for the stock and fixtures of a saloon.

The defendant claimed that subsequently, at the request of plaintiff's agent, Kuhns transferred the title to the stock and fixtures, and consented to the transfer of the saloon license to one Joseph Steigerwald, upon the sole consideration of the plaintiff's promise made to Kuhns, to release the defendant from any further liability on the note in suit. Although the defendant was not a party to the transaction, it is not disputed that the promise inured to his benefit, if it was made, and was a complete defense to the action.

The plaintiff, on the other hand, claimed that, some time after the note was given, he again became the owner of the fixtures by virtue of a sale on a landlord's warrant against Kuhns, and that Kuhns consented to the transfer of the license upon consideration that he and his wife should be permitted to remove their other property from the premises. The plaintiff denied that there was any promise to release the defendant, or that that entered in any way into the consideration for the transfer to Steigerwald.

Here then was a plain and simple issue of fact, if there ever was one. Both sides introduced evidence, of direct and of circumstantial nature, to support their respective contentions, and the learned trial judge, without reviewing, or commenting on the same, submitted the question to the jury in language which could not have been misunderstood. He said: "So that the whole issue presented for your consideration is this: Was there a promise on the part of Kershner" (plaintiff's agent) "made to Kuhns that if the license and stock were transferred,

this note need not be paid? If there was, then the verdict will be for the defendant. If there was not any such promise, then the verdict will be for the plaintiff. That is the whole case." Where a case turns upon a single question of fact, which is, whether one of the parties made a certain express promise, and the trial judge accurately and plainly states the question, and fairly submits it to the jury, he cannot, ordinarily, be convicted of error because he did not rehearse the evidence on the one side and on the other, and comment on the bearing of particular corroborating circumstances, where he was not requested to do so. Doubtless there are exceptions to this general rule, and there are cases where a mere statement of the issue would be an inadequate presentation of the case. But this was not such a case. In a case like the present, and submitted as this was, the court will not be reversed for what was left unsaid, if what was said was not misleading.

But it is urged that the court erred in not instructing the jury as to the legal effect of the acceptance by the plaintiff of a note for $400 from Steigerwald. But what was the legal effect? If the plaintiff promised to release the defendant from liability in consideration of the transfer to Steigerwald a complete defense was made out, and the fact of the plaintiff's taking a note from the latter added nothing to its strength. If, however, there was no such promise, and the transfer to Steigerwald was, as between him and Kuhns, without consideration, still we cannot say that the mere fact that the plaintiff took a note from Steigerwald would, of itself and without more, prove payment in whole or in part of the defendant's obligation. The evidence both as to the consideration and as to the time when this note was taken is vague and unsatisfactory. So far as the evidence shows, it was a transaction wholly between the plaintiff and Steigerwald. There is no evidence that either the defendant or Kuhns knew anything regarding it, or that they stipulated that Steigerwald should assume and pay their debt; or that the plaintiff accepted the note as payment thereof. When a creditor accepts the note of a third person in payment of his debt, a novation takes place. The liability of the debtor is discharged, and that of the maker of the note substituted for it. The mere acceptance of such note, however, does not constitute a novation without some evidence that it was taken in

satisfaction of the debt: 16 Am. & Eng. Ency. of Law, 880; Weakley v. Bell, 9 W. 273; League v. Waring, 85 Pa. 244; Hunter v. Moul, 98 Pa. 13; Holmes v. Briggs, 131 Pa. 233; Shepperd v. Busch, 154 Pa. 149; McCartney v. Kipp, 171 Pa. 644. The burden of proof was on the defendant, and he presented no such evidence as would have justified the court in declaring as matter of law, or the jury in finding as matter of fact, that the mere taking of the $400 note was a payment in whole or in part of the note in suit. The case turned on the decision of the single question of fact, which, as we have shown, the court fairly submitted to the jury.

We see no error in the rejection of the evidence specified in the third assignment of error. Its admission would have opened up a collateral issue as to the plaintiff's reasons for objecting to the admission of the proposed purchaser as his tenant. He may have had perfectly good reasons for so doing. And whether his reasons were good or bad, he had a legal right to object to the change of tenants. The argument that it was improbable that Kuhns would consent to the transfer of property of value to Steigerwald without receiving anything for it and without being released from the note in controversy was a proper one to be addressed to the jury, but the proposed evidence would have added nothing to its force. If the offer was to show that the plaintiff had prevented the sale it was irrelevant. If its purpose was to show that the property was worth as much or more than the face of the note, there was a more direct way of proving the fact. Besides that, there was no dispute as to the value of the property.

The stenographer's notes of the trial show that the testimony was closed on September 25, and that the court then adjourned. On the following day the defendant offered to rebut, by his own testimony, certain testimony introduced by the plaintiff as to declarations made by him. No reason was given for not introducing the testimony at the proper time, and the plaintiff gave very plausible reasons for not reopening the case. How far they were sustained in the discussion before the court below we have no means of knowing. It is sufficient to say, that to admit or exclude additional evidence after the evidence is formally closed, is a matter within the discretion of the trial court; and it has sometimes been said that its decision is not reviewable.

It is perhaps more accurate to say that the appellate court will not reverse the decision unless there has been a very plain abuse of discretion: Hake v. Fink, 9 W. 336; Duncan v. McCullough, 4 S. & R. 480; Frederick v. Gray, 10 S. & R. 182; Barnhard v. Petit, 22 Pa. 135.

Judgment affirmed.