## Anna E. Cridland *v.* Pariset M. Stevens, Appellant.

*Absolute or conditional payment—Acceptance of note of third party—Question for jury—Burden of proof.*

The mere acceptance by a creditor from his debtor of the note of a third person for a pre-existing debt is presumptively a conditional payment but the parties may bind themselves by an agreement that such acceptance shall be considered as absolute payment at face value, but the burden of proving such an agreement rests with the party asserting it; when there is evidence which if believed tends to establish such agreement the question is for the jury.

*Charge of court—Failure to request special instructions.*

When the court concisely presents to the jury the exact question which they are called on to decide a party cannot complain of the charge as inadequate when he fails to request special directions.

Argued October 4, 1898. Appeal, No. 5, Oct. T., 1898, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1894, No. 276, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover $438.97, with interest from August 17, 1891. Before FINLETTER, P. J.

It appears from the evidence that plaintiff's claim grew out of the following transaction: On August 14, 1891, she entered into an agreement with the defendant (through his agent), which was duly signed and sealed by the parties, by which in consideration of the sum of $1,000 cash and a mortgage of

42          CRIDLAND *v.* STEVENS.

Statement of Facts—Assignment of Errors. [9 Pa. Superior Ct.

$3,000, which was to be assigned to the defendant, defendant was to convey to her a property situate at the southeast corner of Park Avenue and Jefferson street, subject to a first mortgage of $5,000 and a second mortgage of $1,000, making the total value of the property $10,000. The conveyance was made. Afterwards the plaintiff was obliged to pay water rent for the year 1890 and a penalty of $18.90, apportionment of water rent for the year preceding the date of purchase, $11.25 ; taxes for the year 1890, $180.56 ; an apportionment of taxes for the year 1891, preceding the date of purchase, $115.97 ; back interest on mortgage, $112.29 ; making a total amount claimed by plaintiff of $438.97. The defendant claimed the following as set-offs : In the first place of the $1,000, which he was to receive in cash, the plaintiff only paid him $700. In addition to that, defendant transferred to plaintiff the fire insurance policy, for which she owed him $80.00. The jury, deducting these two items from the plaintiff's claim gave her a verdict for the difference, plus interest.

But the principal item which the defendant also claimed to set off was as follows : According to the written agreement the plaintiff was to give the defendant a mortgage of $3,000. This, for some reason, the plaintiff was unable to do, and instead of that she gave him the promissory note of a man by the name of Brown for $3,000. The defendant was only able to collect $2,800 on account of this note, and he, therefore, claimed a further credit of $200, being this difference. Had the jury allowed that credit it should have found a verdict in favor of the defendant for $141.03.

Verdict and judgment for plaintiff for $80.89. Defendant appealed.

*Errors assigned* among others were (2) in failing to charge the jury that the defendant took the note of William R. Brown for $3,000, only for collection, and having received only $2,800, on account thereof he was entitled to a further credit for $200. (4) Because the charge of the learned court below was inadequate in that it did not explain to the jury (in regard to the $3,000 note of William R. Brown) the difference between a conditional and an absolute payment and that the payment in this case, in view of the testimony, was a conditional payment.

*William Henry Lex,* for appellant.—In the absence of any special agreement to the contrary, the mere acceptance of the check, draft or note of a third person to the creditor's order for a pre-existing indebtedness is not an absolute but a conditional payment: Holmes & Son v. Briggs & Drumm, 131 Pa. 233 ; Shepherd v. Busch, 154 Pa. 149.

The burden of proving such special agreement is on the debtor: League v. Waring & Co., 85 Pa. 244.

*J. H. Brinton,* for appellee.—The argument of the appellant raises but one question. He complains that the learned trial judge failed fully to explain to the jury the difference between a conditional and absolute payment, as pertaining to the $3,000 note. The court eliminated all the other questions of the case by solving them in favor of the defendant and left but one question fairly to the jury, namely, whether the defendant accepted the $3,000 note for its face value or for whatever he could collect on it, and the appellant now complains that the court left even this question to the discretion of the jury. The evidence would have justified the trial judge in leaving the other points of the case to them.

OPINION BY SMITH, P. J., November 21, 1898 :

By the terms of the written contract between the parties to this case, the plaintiff agreed to give the defendant a mortgage for $3,000 on land situate at Tioga, in part payment of property which, by the same instrument, the defendant agreed to convey to her. From the parol testimony, introduced on the trial, it appears that the note of William R. Brown for $3,000 was afterwards accepted by the defendant, in lieu of the mortgage. The defendant received but $2,800 on the Brown note and the sole matter in dispute here is which of the parties should bear this loss on the note. On the question whether the note was accepted by the defendant as an absolute or as a conditional payment, the trial court in charging the jury said : "The controversy in this case comes down to a simple question of fact, which the jury must determine from the evidence, which is— was that note taken for its face value or not ? Was it understood that the defendant in this case should be responsible only for the amount collected upon it ? You have heard all the tes-

timony, and you must determine from it that fact—did the defendant receive the note as the $3,000 mentioned in the contract, or did he take it simply for what he could collect upon it ? "

The appellant now complains that the charge was inadequate in that it did not explain to the jury the difference between a conditional and an absolute payment. We think, however, that the court presented this question to the jury in a very plain and concise manner, namely : Was that note taken for its face value or not ? This was the exact question the jury were called upon to determine, and they undoubtedly so understood it from the instructions given by the court. If the defendant thought that a fuller explanation on this point should have been given he could have asked for it by requesting special directions on the subject.

But neither party requested special instructions and the case was submitted to the jury in a brief charge, which, however, covered all questions for their consideration. We think the case was properly for the jury. It is undoubtedly true that the mere acceptance by a creditor from his debtor of the note of a third person for a pre-existing debt is presumptively a conditional payment. But the law also recognizes the right of the parties to bind themselves by an agreement that the obligation of a third person shall be accepted as an absolute payment, at its face value. The burden of showing such an agreement rests with the party asserting it. We think sufficient was shown to require submission of this question to the jury. In addition to the oral testimony from which such an understanding might be inferred, it appears that the defendant, after receiving the $2,800 on the Brown note, executed and delivered a deed of the property containing a receipt in full of the purchase money, which, prima facie, covered the item in dispute. The effect of this receipt, under the circumstances, was also for the jury : Shepherd v. Busch, 154 Pa. 149. The specifications of error relate mainly to matters of fact which were properly submitted.

The judgment is affirmed.