## S. A. Gerrard Company of Philadelphia, Appellant, v. Tradesmen's National Bank and Trust Company.

Argued January 30, 1935. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Edmund J. Bodziak,* with him *E. Ewing Montgomery,* of *Reber, Granger & Montgomery,* for appellant.

*Richardson Dilworth,* of *Evans, Bayard & Frick,* for appellee, was not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, March 25, 1935:

Plaintiff sued in assumpsit to recover the sum of $4,000, with interest, from defendant. The learned trial judge directed a verdict for defendant, and from the overruling of plaintiff's motion for judgment n. o. v. plaintiff appeals.

In connection with the receipt of produce from a California concern, plaintiff, a distributor of fruits and vegetables, with its principal place of business in the City of Philadelphia, was required to obtain a line of credit with the U. S. Bank and Trust Company of Philadelphia, whereby the latter agreed to honor the shipper's drafts on plaintiff. Pursuant to the arrangement, produce was forwarded to Philadelphia and simultaneously therewith the shipper drew four drafts on plaintiff, each in the amount of $1,000, payable to the order of a local California bank. These drafts, together with invoices and

diversion orders, were forwarded by the California bank to defendant, its Philadelphia correspondent, for collection. Immediately upon receipt of the drafts, defendant presented them for payment to the U. S. Bank and Trust Company, receiving in return the latter's check in the sum of $4,000, drawn on The Pennsylvania Company for Insurances on Lives and Granting Annuities of Philadelphia. At the time this transaction took place the U. S. Bank and Trust Company required and received plaintiff's check for $4,000, drawn on plaintiff's account in that bank. Defendant presented the U. S. Bank and Trust Company's check to the Pennsylvania Company on the morning of the next day, payment being refused due to the closing of the drawer bank. On the same day, defendant sent its runner to plaintiff's place of business to procure a check for $4,000, in return for which plaintiff was given the dishonored check of the U. S. Bank and Trust Company. Plaintiff's check was immediately cashed and remittance made forthwith to the California bank.

The foregoing transactions all took place during December, 1929. The provisions of the Bank Collection Act of June 12, 1931, P. L. 568, are, accordingly, not controlling.

Plaintiff's chief contention is that defendant's acceptance of the U. S. Bank and Trust Company's check in lieu of cash, followed by its failure to present the draft on the same day it was received, amounted to payment and had the effect of discharging plaintiff from further liability on the four drafts. We are referred to numerous cases presenting the question of the liability of a collecting bank to its correspondent for loss caused by failure to demand cash upon presentation of commercial paper. These cases are obviously not in point. Defendant was acting as collecting agent for its California principal and as such was subject to liability for negligence in collection; but to the drawee from whom payment was being received there was no obligation to demand cash. See

Cohen v. Tradesmen's Nat. Bank, 262 Pa. 76; 4 A. L. R. 518; 55 A. L. R. 1168. Having accepted the check, defendant's only duty to plaintiff was to exercise due diligence to realize upon it in order to avoid any loss which might be caused by the subsequent insolvency of the drawer. Defendant presented the check to the drawee the day following its receipt. That a collecting bank discharges any obligation it may owe to the drawer by presenting it for payment on the day after its receipt is well established: Integrity Trust Co. v. Lehigh Ave. B. & L. Assn., 273 Pa. 46, and cases therein cited.

Furthermore, in the absence of circumstances indicating a contrary intention, a cashier's check accepted from a debtor is not an absolute but merely a conditional payment, defeasible upon nonpayment or dishonor: Cannonsburg Iron Co. v. Union Nat. Bank of Pittsburgh, 3 Sadler 46; Briggs v. Holmes, 118 Pa. 283, s. c. 131 Pa. 233; Morse, Banks and Banking (6th ed.), sections 543-4. Since defendant was not negligent in presenting the check for payment, it was not prejudiced by the drawer's intervening insolvency, and upon dishonor, defendant was entitled to receive plaintiff's check to cover the latter's undischarged obligation upon the original drafts: Briggs v. Holmes, supra.

This disposition of the case renders unnecessary discussion of the other questions raised by counsel.

The assignments of error are all overruled and the judgment is affirmed; costs to be paid by appellants.