## Death of Veterans' Compensation Beneficiaries

RUBENDALL, Deputy Attorney General, April 30, 1952.—You have requested advice as to whether or not you should pay the World War II veterans' compensation in those cases where the applicant, who was the last remaining person designated by the act as entitled to receive said compensation, dies before cashing the check issued in payment of such compensation.

Section 7 of the Act of June 11, 1947, P. L. 565, 51 PS §455.7, provides, in part, as follows:

". . . If all persons, designated herein as entitled to compensation, shall die before payment thereof, the right to the compensation shall cease and determine. . . ."

In view of this provision, the single question determinative of the problem before us is when payment of the compensation may be deemed to have been effected.

In its legal sense, "payment" may be defined as the discharge of an obligation by the delivery and acceptance of money, or of something equivalent to money: 40 Am. Jur., Payment, §2; 70 C. J. S., Payment, §1.

Under this definition, none of the actions on the part of the Veterans' Compensation Bureau before the delivery and receipt of the compensation check may be treated as constituting payment as they do not involve the delivery and acceptance of money or its equivalent. Consequently, in any case where the applicant has died before receipt of the compensation check, payment has not been made and, if such applicant was the last living beneficiary designated under the act, the right to compensation shall cease and determine in accordance with section 7 of the act.

In those cases where the compensation check was received by the applicant before his death, but was not endorsed and cashed by him prior to his death, the question is controlled by whether or not such check shall be deemed to have constituted payment of the compensation.

The general rule is that the acceptance or receipt of a check constitutes only a conditional payment and does not become absolute until the check is finally honored: Wendkos v. Scranton Life Insurance Company, 340 Pa. 550, 553, 17 A.(2d) 895 (1941); S. A. Gerrard Company of Philadelphia v. Tradesmens National Bank and Trust Company, 318 Pa. 100, 103, 177 Atl. 760 (1935); Wedmore v. McInnes, 69 Pa. Superior Ct. 220 (1918).

In the case of Diskin v. Philadelphia Police Pension Fund Association, 367 Pa. 273, 80 A.(2d) 850 (1951), the question involved was whether a deceased member of the association had received his first pension pay-

ment, which would have defeated the claim of his beneficiary for a return of his contributions. The member had received a check covering his first pension payment during his lifetime, but had neither endorsed nor cashed it prior to his death. The Supreme Court held the receipt of this check did not constitute a payment of the pension saying, at page 276:

"It is elementary law that, where a note, draft or check is received by a creditor from his debtor for an existing debt, the presumption is, in the absence of an agreement to the contrary, that it is received as conditional and not absolute payment, . . ."

In an opinion of the Attorney General of the United States, 19 Ops. Atty. Gen. 1 (U. S.) (1887), a ruling was requested in a situation somewhat similar to that at hand. The question there posed was whether a pension check, received and endorsed by the pensioner, but not cashed before his death, constituted a payment to the pensioner during his lifetime which would pass to his personal representative. The Attorney General stated at pages 2-4:

". . . The question is thus reduced to, what is a payment to a pensioner in his life-time? In the absence of special contract the presumption is that the payment of an obligation shall be made in money. This presumption applies to a pensioner as well as to anyone else. Till he gets his money or that which in law is its equivalent, he is not paid nor is the Government discharged. If he receives a check but never transfers it nor gets the check cashed he has not received his money; for a 'banker's check is not money' (Chitty on Bills, 399). . . .

"It is therefore concluded that the receipt of a check by a pensioner, which he has only indorsed but which has not been transferred by him in his life-time, is not a payment but is only one step in the process of payment. . . ."

We see no reason why the general rule should not be applied in the situation at hand. Therefore, until a veterans' compensation check is cashed by the applicant, payment has not been completed and, should the applicant die before cashing same, said payment has not become part of his estate and his personal representative or heirs should not be permitted to cash said check nor are they entitled to collect the compensation.

We believe that such a holding is entirely in keeping with the intention the legislature manifested in providing for the payment of the World War II veterans' compensation. Section 6 of the Act of June 11, 1947, supra, 51 PS §455.6, provides, in part, as follows:

"Whenever, prior to the date of distribution of compensation under the provisions of this act, a veteran entitled thereto shall have died, . . . payment shall be made by the Adjutant General without proceedings in this Commonwealth: . . .

"(b) In the case of death to the following persons in the order named: Surviving unremarried widow, . . . or surviving minor child, or surviving minor children, share and share alike, or surviving mother or surviving father. . . ."

We have seen that section 7 of the act provides that should all designated persons die before payment of the compensation the right to the compensation shall cease and determine.

The apparent intention expressed in these two sections is that where the veteran, whose service to his country and this Commonwealth is being rewarded, has died, this gratuitous payment is to be restricted to a limited group of persons who, due to their close relationship to the deceased veteran, might rightfully receive his compensation *to be enjoyed in their lifetime.* It was not intended that the compensation should become part of the estate of a beneficiary to be subject to payment of his debts or to pass to his heirs or devisees

who may not have been intimately related to the deceased veteran.

For the foregoing reasons, it is our opinion and you are, therefore, advised that the payment of the World War II veterans' compensation shall not be deemed to have been completed until the check issued in payment thereof has been received by a proper applicant and cashed by him in his lifetime. Accordingly, in those cases where the applicant has died before cashing such check, and he is the last living beneficiary designated under the act to receive the compensation, the right to the compensation shall cease and determine and you should make no payment thereof to any person claiming the same.