## M'Ginn *against* Holmes.

2 w 121
131  240

Bills or notes of a third person, taken for a precedent debt, without a special agreement to the contrary, are not payment before the proceeds are received. Hence, the assignor of a bill, under such circumstances, is not a competent witness in an action for its recovery; he being liable for his own debt in the event of a failure to recover by the plaintiff.

ERROR to *Alleghany* county.  Common pleas.

This was an action of *assumpsit* by Sheply R. Holmes and Charles Wallace, assignees of Lewis Peters, for the use of Edward Patchel, against Matthew M'Ginn, to recover the price of leather sold to the defendant.

Lewis Peters, being the owner of a tanyard and stock, made an assignment of it to Holmes and Wallace, in trust for the benefit of

II.—Q

certain of his creditors.   Holmes and Wallace gave a written authority to Peters to manage the yard and to replenish the stock, and to sell and appropriate the proceeds to the discharge of the preferred debts.   Lewis Peters, in the course of this agency, sold a quantity of leather to the defendant Matthew M'Ginn, and charged him with it in the books.   Peters was indebted to Edward Patchel, and assigned to him, with the consent of his assignees, the account of M'Ginn, for which this suit was brought.   On the trial of the cause, Lewis Peters was offered as a witness, after having been released by his assignees, to whom the defendant objected, on the ground of interest.   The court overruled the objection, and sealed a bill of exceptions, which was the subject of the error assigned and argued by

*Burke*, for plaintiff in error.
*Forward*, for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—Peters undoubtedly had an interest which disqualified him as a witness, and one which was not removed by the release of the assignees, to whom he was liable for nothing.   His competency depended on whether his interest in the debt assigned to Patchel was extinguished by the express or implied terms of the assignment.   It is immaterial to the question, whether Patchel derived title immediately from Peters, or through the assignees, as all the parties in interest had joined in the transfer.   This transfer was made to Patchel in recompense of a debt paid by him for Peters as his special bail; and if it were taken by Patchel at his risk, and as absolute payment, the interest of Peters would be devested.   But that must depend on the terms where they are express, or those implied by the law where, as here, the parties are silent; and it seems there is no difference in this respect between a legal and an equitable assignment, the acquirement of the beneficial interest in a *chose in action* being unaffected by any supposed peculiarity in the form of the transfer.   In Tyson *v.* Pollock, 1 *Penns. Rep.* 381, it was attempted to be shown, as a clear result of the authorities, that the bills or notes of a third person taken for a precedent debt, without a special agreement to the contrary, are not payment before the proceeds are received; and if so, the debt of the witness would continue to stand against him in the event of a failure to recover.   His interest, then, was indisputable, and one which could be released but by the party calling him.   Patchel should therefore have released him from liability, and thrown himself exclusively on this claim as his only resource.

Judgment reversed, and a *venire de novo* awarded.