## Cochran *v.* Slomkowski, Appellant.

*Contract—Payment—Check—Banks and banking.*
Where a creditor receives from his debtor a check and accepts the same as an absolute payment and satisfaction of his claim, he cannot thereafter sue upon his original cause of action.

Argued Oct. 4, 1905. Appeal, No. 246, Oct. T., 1904, by defendant, from order of C. P. No. 5, Phila. Co., June T., 1905, No. 3160, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Andrew Cochran v. Joseph Slomkowski. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for balance alleged to be due on a contract.
Rule for judgment for want of a sufficient affidavit of defense.
The averments of the affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*E. W. Kirby*, with him *Robert J. Byron*, for appellant.— Where the parties agree that checks given shall be in full payment and satisfaction of a balance due under a contract, the plaintiff cannot subsequently sue on the contract: Hunter v. Moul, 98 Pa. 13; League v. Waring & Co., 85 Pa. 244; McCartney v. Kipp, 171 Pa. 644; Farmers' Nat. Bank v. Marshall, 9 Pa. Superior Ct. 621; McIntyre v. Kennedy, 29 Pa. 448; Kilpatrick v. Home B. & L. Assn., 119 Pa. 30; s. c. 140 Pa. 405.

*Alfred Tennyson Steinmetz*, with him *George Wentworth Carr*, for appellee.—A check which has not been paid, upon due presentation cannot be considered as satisfaction of an antecedent indebtedness: Hecla Card and Paper Co. v. Potsdamer, 16 W. N. C. 195; Totman v. Gunnis, 16 W. N. C. 98; Bernheimer v.Herrman, 44 Hun (N. Y.), 110.

OPINION BY HENDERSON, J., November 20, 1905:

The plaintiff declared on a contract in writing for a balance due on the price of the personal property described in the contract. The defendant alleges in the affidavit of defense that he delivered to the plaintiff two checks on the National Security Bank of Philadelphia for $100 and $250 respectively, "which said checks the plaintiff then and there accepted in full payment and satisfaction of all claims and demands of the defendant for the balance due on the articles mentioned in the incorrect copy of the agreement attached to plaintiff's statement." This is a clear averment that the checks were received by the plaintiff as an absolute payment and satisfaction of his claim. It is an allegation that the debt was extinguished. The acceptance from the debtor of his check to be applied to the discharge of an antecedent indebtedness does not amount to payment; it is considered merely as a conditional payment. The creditor may agree, however, to accept it in satisfaction of the original liability, and, such special agreement being established, the creditor must look to the new security for satisfaction of his claim. The burden is on him who alleges such an agreement to prove it, but if established by evidence such a defense is available to him : League v. Waring & Co.,

85 Pa. 244 ; Hunter v. Moul, 98 Pa. 13 ; Farmers' Nat. Bank v. Marshall, 9 Pa. Superior Ct. 621.

The defendant's unequivocal assertion that the checks referred to in his affidavit were given and accepted in full payment and satisfaction of all the plaintiff's claims and demands on account of the contract sued upon, brings his case within the doctrine of the cases referred to and many others upon the same point. He was therefore entitled to be heard on the defense presented.

The judgment is reversed and the record remitted for further proceeding.