## Wedmore v. McInnes, Appellant.

*Contract—Breach—Sale for cash—Tender of bad check.*

Where in a cash sale the purchaser tenders a check which is not good the seller may, upon ascertaining the badness of the check, refuse to make the sale.

In the absence of any special agreement to the contrary, the mere acceptance by a creditor from ⸱ debtor of a check is not an absolute, but a conditional payment defeasible on the nonpayment of the check. To m⸱ke the check an absolute payment there must be an express agreement to receive it as such, and the burden of proof is on him who asserts such contract.

Argued Oct. 24, 1917. Appeal, No. 235, Oct. T., 1917, by defendant, from judgment of Municipal Court, Phil-

220, (1918).] Statement of Facts—Opinion of the Court.

adelphia Co., Jan. T., 1917, No. 48, for plaintiff on case tried by the court without a jury in the matter of Daniel A. Wedmore et al., trading as the American Metal Products Company, v. Charles E. McInnes, trading as Charles E. McInnes & Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for a breach of contract to sell iron.

The case was tried by KNOWLES, J., without a jury who found for the plaintiff in the sum of $490.35.

*Error assigned* was the judgment of the court.

*Owen J. Roberts,* with him *Walter S. McInnes* and *Hubert J. Horan, Jr.,* for appellant.—Checks or notes, unless expressly accepted as payment are construed to be merely conditional payment. If dishonored, the party is remitted to his original rights: Philadelphia v. Neill, 211 Pa. 353; Holmes v. Briggs, 131 Pa. 233; Philadelphia v. Stewart, 195 Pa. 309; Cochran v. Slomkowski, 29 Pa. Superior Ct. 385; Briggs v. Holmes, 118 Pa. 283; Collins v. Busch, 191 Pa. 549.

*Warren C. Graham,* for appellee.

OPINION BY KEPHART, J., March 2, 1918:

This is an action brought to recover damages for the breach of a contract for the sale of some bar iron. It was the understanding between the parties that the terms of sale would be cash, not necessarily currency, but the equivalent of cash. The appellees, in writing, ordered the iron and sent with the order their check. The appellant received the order and check and immediately sent the check to its bank. It was discovered that there was not sufficient funds to meet it. The check and the order were immediately returned and the iron was sold elsewhere.

It is well settled that in the absence of any special agreement to the contrary, the mere acceptance by a creditor from the debtor of a check is not an absolute but a conditional payment defeasible on the nonpayment of the check: Philadelphia to use v. Neill, 211 Pa. 353; Holmes v. Briggs, 131 Pa. 233; Philadelphia v. Stewart, 195 Pa. 309; Cochran v. Slomkowski, 29 Pa. Superior Ct. 385. To make the check an absolute payment there must be an express agreement to receive it as such and the burden of proof is on him who asserts such contract. The only evidence that the check was accepted was its receipt through the mail and the investigation by the bank as to whether there was money on hand to meet it. Not finding sufficient funds, the check was immediately returned with a letter informing the appellees of the circumstances. Whether the check was presented in banking hours is immaterial under the facts. There is no evidence here to warrant the finding that the check was not presented in banking hours. There was not sufficient evidence from which the court could find that the check was accepted or that there was a completed contract between the parties.

The judgment of the court below is reversed at the cost of the appellees.