### Carter & Greenawalt v. Ellis Hosiery Co., Appellants.

574

Argued December 9, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Abraham A. Levinthal,* for appellants.

*Byron Longbottom,* and with him *Pape & O'Brien,* for appellee.

Opinion by Linn, J., February 27, 1931:

This appeal is from judgment for $400 granted pursuant to a rule for judgment for the amount as to which an affidavit of defense was said to be insufficient. The suit was for $1,506.75, brought by consulting engineers for the amount claimed for plans and specifications prepared by them for defendants pursuant to a parol contract. The affidavit of defense

denies that the contract was as averred by the plaintiffs, and sets forth with some detail defendants' version. Summarized, the defense is, that the agreement was that plaintiffs, within two weeks from June 29, 1929, should prepare plans and specifications for a hosiery mill to be erected in Hagerstown, Maryland, the cost of the structure not to exceed $35,000; that the plans and specifications must be "acceptable to the satisfaction of the defendants;" that if such plans were prepared, and used, plaintiffs should receive 5 per cent of the cost of the plant for compensation, but if they were not used, but were otherwise as agreed upon, defendants should pay to plaintiffs $400 for their services. Defendants further averred that the plans were not produced until August 4, 1929, more than two weeks after the date specified, and that the lowest bid submitted for the erection of the mill was $50,550, which was in excess of the maximum agreed upon. Defendants also averred that they had refused to accept the plans and specifications and had declined to make any payment because plaintiffs had not complied with the contract as averred by defendants.

The court below, in a very short opinion, made the rule absolute, saying: "The affidavit of defense does not deny that the plaintiffs did the work in a workman-like manner nor that the charges were proper and reasonable, and, for this reason, the court makes the rule absolute." As we have already stated, the affidavit very clearly avers that $400 was to be paid only if satisfactory plans were furnished within two weeks for a structure that would cost not exceeding $35,000, and it also avers that the presentation of the plans was long delayed and that the lowest bid received was in excess of $50,000. Certainly if those facts, are proved, defendants do not owe the $400.

The long established rule is that judgment for want

of a sufficient affidavit of defense should only be entered in clear cases (Eizen v. Stecker, 295 Pa. 497) of which this is not one.

Judgment reversed with a procedendo.