Knapp Bros. Mfg. Co. *v.* Robinson Electrical Co., Appellant.

Argued October 1, 1931.

464

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Samuel J. Gottesfeld,* for appellant.

*Byron Dickson,* for appellee.

OPINION BY GAWTHROP, J., November 16, 1931:

This is an appeal by defendant from an order of the court below making absolute a rule for judgment for want of a sufficient affidavit of defense and a rule to strike off defendant's counter-claim. The action was assumpsit to recover the balance of the purchase price of certain building steel products furnished by plaintiff to defendant for use by it in installing electrical equipment on premises No. 1616 Walnut Street, Philadelphia, under a contract described in the statement of claim as "partly in writing and part oral" and consisting of a written order for the material and an oral agreement made between the duly authorized agents of plaintiff and defendant at the time of execution and delivery of the written order. Plaintiff also

declared upon a separate subsequent oral contract for a minor portion of its claim. The written order was addressed to plaintiff's place of business at Chicago and requested it to ship to defendant at Philadelphia, by freight, 14,330 lineal feet of specially fabricated double metal conduits for housing electric wires, commonly understood and known by defendant and plaintiff as "wyr-way base raceway," together with certain necessary accessories and equipment consisting of external corners, internal corners, adjustable junction plates, flush plates "at 58 cents per foot including all accessories. Additional material for the job to be charged at 58 cents per foot complete." Defendant filed an affidavit of defense and set up a counter-claim in which it admitted that it signed the written order, and that the contract between the parties was partly in writing and partly in parol, denied some of the averments in the statement of claim as to the oral provisions of the agreement, and averred in detail the facts relied on to establish its version of the terms of the contract and performance thereof by it. The counter-claim was grounded upon allegations that defendant sustained damages as a result of breaches of warranty of quality of certain of the materials furnished and the refusal of plaintiff to take back certain of the materials as it had agreed to do.

The court below treated the case as one in which plaintiff's claim is based on a written contract, and states that defendant is undertaking to change the terms of the written order without alleging fraud, accident or mistake. In this the court fell into error. Plaintiff's statement throughout is based on an agreement partly in writing and partly in parol. It is well settled that this made the contract parol in its entirety and not subject to the Parol Evidence Rule. See Huessener v. Fishel & Marks, 281 Pa. 535; Garrison v. Salkind, 285 Pa. 265; Federal Sales Co. v. Farrell, 264 Pa.

149; Bole v. Alden Park Manor, 98 Pa. Superior Ct. 65. A thorough examination of the affidavit of defense, which covers twelve pages in the record, has convinced us that this is not a case for the entry of a summary judgment, but that defendant should have the opportunity to develop the facts before a jury. The long established rule is that judgment for want of a sufficient affidavit of defense will only be entered in clear cases, of which this is not one. A recent decision on this subject is Carter & Greenawalt v. Ellis Hosiery Co., 100 Pa. Superior Ct. 573.

In respect to the counter-claim, the court below observed that defendant was attempting to vary the terms of the written order, and that certain of its claims were not itemized but amounted to lumping charges. A counter-claim is to be treated as is a statement of claim. If the complaint against it is based on the fact that the averments are not sufficiently definite, a rule should be entered asking that they be made more specific: King v. Brillhart, 271 Pa. 301; Rhodes v. Terheyden, 272 Pa. 397. If the rule is made absolute and a more specific statement is not filed, this should be followed with a motion for non pros: Winters v. Pa. R. R. Co., 304 Pa. 243. Section 20 of the Practice Act of May 14, 1915, P. L. 483, provides for raising questions of law by affidavit of defense. So it has been held that where the defect alleged is the failure to assert a cause of action in the counter-claim, the reply should raise the question of law, as is done by affidavit of defense, under Section 20, when the statement of plaintiff is complained of on like ground: Riling v. Idell, 291 Pa. 472. An inspection of the reasons stated in plaintiff's rule to strike off the counter-claim shows that plaintiff was attempting to have the court decide whether, upon the facts averred, the counter-claim shows, as a question of law, that defendant is not entitled to recover. As

that question cannot be raised by a motion to strike off the counter-claim under Section 21 of the Practice Act, the order striking it off was wrong.

The judgment is reversed and the record remitted with a procedendo.