## Cohn v. Johnsonburg Radio Corporation

*Frank J. Woods*, of *Mullin & Woods*, for plaintiff.

*John H. Cartwright* and *Joseph L. Trambley*, for defendant.

BAIRD, P. J., August 17, 1932.—In this action of assumpsit, as appears by the amended statement of claim filed, the plaintiff seeks to recover from the defendant the sum of $1111.91 upon two trade acceptances, one for $750 and the other for $350, with interest and protest fees.

The plaintiff alleges that the consideration for said trade acceptances was goods, wares and merchandise sold by the plaintiff to the defendant.

In its affidavit of defense to the plaintiff's amended statement of claim the defendant admits all of the allegations of the plaintiff except the final allegation of the amount due plaintiff by defendant, but avers that "said goods, wares and merchandise were not furnished in accordance with the terms of the agree-

384

ment between the plaintiff and defendant for the reasons set forth in new matter" thereinafter alleged, and denies that it is indebted to the plaintiff in any sum whatever for the reasons set forth in said new matter.

Upon the plaintiff's motion, a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense was granted.

The question resolves itself into one of practice. As provided by section three of the Act of April 22, 1929, P. L. 627, amending section fifteen of the Practice Act of May 14, 1915, P. L. 483, a notice directed to the plaintiff is endorsed on the affidavit of defense, requiring him to file a reply within fifteen days from the service thereof. The plaintiff did not comply with the requirement of said notice by filing a reply, but instead moved for judgment for want of a sufficient affidavit of defense.

With the merits of said new matter we are not presently concerned.

As amended by the Act of April 22, 1929, P. L. 627, section fifteen of the Practice Act now reads:

"When the defendant in his affidavit of defense sets up a set-off or counter-claim against the plaintiff, *or sets forth new matter*, the plaintiff, within fifteen days from the day of service of the affidavit of defense upon him, shall file an answer, under oath, which shall be called 'Plaintiff's Reply,' which shall be served upon the defendant or his attorney at the address for the service of papers indorsed on the affidavit of defense. In such cases the affidavit of defense shall be indorsed as follows:

"To the within plaintiff—

"You are required to file a reply to the within set-off (or counter-claim, *or new matter*, as the case may be) within fifteen days from the service hereof.

"The set-off, counter-claim, *or new matter, if it consists of an affirmative defense*, shall be regarded as the defendant's statement of claim, and the plaintiff's reply as an affidavit of defense thereto."

The words italicized were not included in the original act but were added by the amendment.

Under the original act, which provided for a reply only to a set-off or counter-claim, it has been held that a motion for judgment for want of a sufficient affidavit of defense is proper only where such affidavit of defense contains no set-off or counterclaim, and that the requirement of section fifteen that the plaintiff shall in every case file an answer to the defendant's affidavit of set-off or counterclaim is mandatory: Sturtevant Co. v. York Card and Paper Co., 27 Dist. R. 549. See, also, Farmers' and Breeders' Mut. Reserve Fund, etc., Co. v. Elliott, 26 Dist. R. 436, and Clymer Brick & Fire Clay Co., to use, v. Detwiler, 28 Dist. R. 532. "It lays down and establishes a new course of procedure, and a motion for judgment for want of a sufficient affidavit of defense cannot be used as a substitute for such an answer:" Sturtevant Co. v. York Card and Paper Co., supra.

Where a counterclaim by defendant is alleged by plaintiff not to assert a cause of action, the proper practice is for the plaintiff to file a reply in the nature of an affidavit of defense to the counterclaim raising a question of law: Riling v. Idell et al., 291 Pa. 472; Knapp Bros. Mfg. Co. v. Robinson Electrical Co., 103 Pa. Superior Ct. 463.

Under section fifteen of the Practice Act, as amended by the Act of April 22, 1929, supra, the requirement of an answer or reply is extended to new matter, and the same rule would apply as where a set-off or counterclaim is set up.

Now, August 17, 1932, the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense is discharged, and the plaintiff is allowed fifteen days in which to file a reply to the new matter set forth in the affidavit of defense.