# Corry Metal Corp. v. Martin Screen & Metal Weatherstrip Co.

*Geisenberger & Geisenberger*, for plaintiff.
*William C. Rehm*, for defendant.

SCHAEFFER, J., March 9, 1934.—This is a rule for judgment for want of a sufficient affidavit of defense. Suit was brought to recover a balance due on an unpaid check. The defendant, a resident of Lancaster, mailed his check drawn on Lancaster Trust Company to the plaintiff at Corry, Pa. It was received by plaintiff at Corry, Pa., on Friday, January 8, 1932, and deposited by plaintiff on the same day in its depository, The National Bank of Corry. It did not reach drawee bank, Lancaster Trust Company, until after it passed into the hands of the State banking department, and accordingly the check was duly protested on January 12, 1932. The plaintiff in his statement of claim allows two credits aggregating $84.54, leaving a balance alleged to be due of $227.08 with interest. The defendant in his affidavit of defense avers that he mailed a check to plaintiff with instructions to collect the same immediately and that plaintiff delayed presenting the check until January 12, 1932, on which date Lancaster Trust Company closed its doors. The defendant further avers that plaintiff accepted said check in absolute payment of the account and receipted the bill on January 8, 1932.

Section 186 of the Negotiable Instruments Law of May 16, 1901, P. L. 194, provides: "A check must be presented for payment within a reasonable time after its issue, or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

In Rosenthal v. Ehrlicher et al., 154 Pa. 396 (1893), defendant resided in Philadelphia and drew his check on a bank of that city. Plaintiff, payee of the check, lived in New York City. The check was drawn and delivered to defendant on May 5th, after banking hours. On May 6th, it was placed in bank for collection and forwarded to the Philadelphia correspondent bank for collection on May 7th. It was received and presented about noon of May 8th, but the bank had already closed its doors, and the check was not paid. It was held that plaintiff had used due diligence. In Union Safe Deposit Bank v. Strauch, 20 Pa.

Superior Ct. 196 (1902), the check was dated October 9th, and was cashed at Pottsville and forwarded for collection through its regular channel to a bank in Philadelphia and thence to Reading, Pa., where it was made payable. It was protested at the latter place on October 11th, payment having been stopped. The court held (p. 197): "The distance of the bank that paid the check from the place where it was made payable relieves the plaintiff bank of any possible charge of negligence in its presentation." In City of Lancaster v. Mishkin, 43 Lanc. 479, Judge Atlee decided that a check left on Friday, January 8, 1932, at the proper office of the City of Lancaster in payment of a water bill was presented with due diligence on Monday, January 11th, with Saturday and Sunday intervening.

The Act of March 31, 1921, P. L. 73, amending prior acts of assembly, provides that the failure to present on any Saturday, designated a half holiday, any check received on that day for collection shall not be deemed neglect or omission of duty, nor impose any liability.

In S. A. Loux & Son v. Fox et al., 171 Pa. 68, 73, it is said: "In every large commercial metropolis like Philadelphia, in which clearing houses are established, the customary mode of collecting checks drawn on banking institutions therein is by depositing them in bank for collection".

In 5 R. C. L. 510, 511, it is stated: "If the holder of the check and the banker on whom it is drawn reside in different places, the check must, in the absence of special circumstances, be forwarded by mail for presentment on the day, or on the next secular day after, it is received. . . . The parties to a check drawn on a bank and sent to a distant place to be forwarded for presentation are deemed in law to have acted with knowledge of the usual diligent method of making such presentment through a bank at the place to which it is sent, and to have agreed to suffer any reasonable delay incident to such mode of presentment."

The court concludes that the check in question was presented for payment within a reasonable time after its issue.

The defense set forth in paragraph eleven of the affidavit of defense, "that plaintiff accepted said check in absolute payment of the account and receipted the bill on January 8, 1932", raises a question of fact. The plaintiff contends that a copy of defendant's letter accompanying the check should be attached to the affidavit of defense or other facts pleaded relating to the acceptance of the check in full payment of the account. It is not necessary in a pleading under the Pennsylvania Practice Act of May 14, 1915, P. L. 483, and its amendments, to set forth the evidence upon which the material facts as alleged are to be proved.

In Wedmore v. McInnes, 69 Pa. Superior Ct. 220, 222, it is said: "It is well settled that in the absence of any special agreement to the contrary, the mere acceptance by a creditor from the debtor of a check is not an absolute but a conditional payment defeasible on the nonpayment of the check: Philadelphia, to use, v. Neill, 211 Pa. 353; Holmes v. Briggs, 131 Pa. 233; Philadelphia v. Stewart, 195 Pa. 309; Cochran v. Slomkowski, 29 Pa. Superior Ct. 385. To make the check an absolute payment there must be an express agreement to receive it as such and the burden of proof is on him who asserts such contract."

Philadelphia, to use, v. Neill & Lincoln Savings & Trust Co., 211 Pa. 353, 363, supra, decided that whether the notes and checks given were accepted as payment is a question of fact for the jury and that it is necessary for the debtor to prove the express agreement by the creditor to receive it as such.

In Clearfield Plumbing Supply Co. v. Ream, 21 Del. Co. 524 (1931), it was

decided that an affidavit of defense in which it is averred that a note was given and accepted in payment of the book account for goods and merchandise for which the plaintiff in his statement claims to recover, is sufficient to prevent judgment. Accord: Art Ivory Mfg. Co. v. Victor Jewelry Co., 25 Luz. L. R. 104.

The policy of the law is not to enter judgment for want of a sufficient affidavit of defense except in clear cases: Carter & Greenawalt v. Ellis Hosiery Co., 100 Pa. Superior Ct. 573; Knapp Bros. Mfg. Co. v. Robinson Electrical Co., 103 Pa. Superior Ct. 463; Eizen v. Stecker, Inc., 295 Pa. 497.

The plaintiff has elected to sue on the check in question and not on the open account for which the check was given. As hereinbefore stated, the check in question was presented for payment within a reasonable time. However, the question raised by the pleadings whether the check was given and accepted in full payment of the account, and whether it was so understood and agreed upon by the parties, is a disputable question of fact which a jury should pass upon.

Accordingly, the rule for judgment for want of a sufficient affidavit of defense is discharged.                    From George Ross Eshleman, Lancaster, Pa.