## Gordon, Secretary of Banking, v. Corbett

*Klein & Milnor*, for plaintiff; *McNees & Nurick*, for defendant.

Fox, J., November 7, 1934.—We have before us a motion by the plaintiff for judgment for want of a sufficient affidavit of defense.

The substance of the statement of claim filed, is that Farmers & Mechanics Bank was incorporated on March 17, 1915, under the provisions of the Act of May 13, 1876, P. L. 161; that the plaintiff as Secretary of Banking, by virtue of the provisions of the Act of June 15, 1923, P. L. 809, commonly known as The Banking Act of 1923, on December 2, 1931, took possession of the business and property of the said bank for the purpose of liquidating the assets of the same; that there were outstanding 1,500 shares of capital stock, of which the defendant, a resident of the City of Harrisburg, held 16 shares, each of the par value of $50; that on or about March 29, 1933, the plaintiff, from an examination of the assets of the bank, determined that the reasonable value of its assets was insufficient to pay its creditors in full, and then determined to impose the individual liability of the stockholders and proceeded to do the same, giving notice, etc., as provided for in said act; that the total liabilities of the bank on October 29, 1931, were $179,123.33 and that the value of the assets of the same on June 24, 1933, was $73,631.77; and that there had been paid to depositors from October 29, 1931, to the date of the filing of the statement of claim October 2, 1933, the sum of $85,489.33, and to preferred claimants, $5,791.83; and claims of the defendant in this case the sum of $800, being the amount of 16 shares of said stock of the par value of $50 each, with interest from May 8, 1933.

An affidavit of defense was filed, admitting paragraphs 1 to 8 inclusive and paragraph 13 of the statement of claim, and as to the other paragraphs in substance it avers that the determination by the plaintiff as to the reasonable value of the assets is not supported by the existing facts; that the means of proof as to the liabilities averred in the statement, the present value of the assets of the bank as of June 24th, and the amount paid to the depositors and preferred claimants are under the exclusive control of the plaintiff, and the truth thereof is unobtainable elsewhere; and that the defendant on or about March 2, 1934, called upon the deputy receiver in charge of the said bank and requested an opportunity to make a list of the said assets and to obtain information from the records of the said bank, which examination was refused on the ground that the liquidator could not divulge such information, and

called for proof thereof; that the plaintiff has failed to allege the assets and liabilities of the same date so that necessity for assessment could not be properly determined; that even if the facts and figures alleged by the plaintiff are true and correct they do not sustain an assessment to the full par value of the defendant's stock, 55 percent having been paid upon the liabilities, and that a loan of $38,840.52 was made by the said liquidator from Reconstruction Finance Corporation with which said assets were pledged, that the proceeds of said loan would enable the bank to pay additional dividends of 35 percent, and that the unpledged and remaining assets are and will be sufficient to pay the balance of the liabilities of the said bank and therefore there is no need for any assessment against the stockholders.

The plaintiff, in support of the motion before us, has averred a great number of reasons for judgment, all of which we have duly considered, and without going into them in detail we are of the opinion that a number of issues of fact are raised by the statement and affidavit of defense which require the case to be submitted to a jury.

The Act of 1876, supra, under which the bank was incorporated provides, in section 5, as follows:

"The shareholders of any corporation formed under this act, shall be individually responsible, equally and ratably, but not one for the other, for all contracts, debts and engagements of such corporation to the amount of their stock therein at the par value thereof in addition to the par value of such shares."

The Act of June 15, 1923, supra, in section 37, relating to enforcement of individual liability of stockholders, provides:

"Whenever the stockholders of a corporation whereof the secretary shall have taken possession are liable, in addition to their liability as such stockholders for unpaid subscriptions, to an amount equal to the par value of their stockholdings in such corporation, and the secretary has determined from his examination of the affairs of the corporation that the reasonable value of its assets is not sufficient to pay its creditors in full, he may enforce the individual liability of such stockholders *to such extent as may be necessary.*" (Italics ours.)

It was argued before the court by counsel for the plaintiff that some of the stockholders may be insolvent and the assessment against them may be uncollectible, and therefore the receiver has the right to call upon the defendant for payment to the full amount of his stock at the par value thereof. It is clear from the act of assembly above quoted that this cannot be done.

The plaintiff's statement avers liabilities in the amount of $179,123.33, the present value of assets as of June 24, 1933, $72,631.77; paid to depositors and preferred claimants, $91,281.16, or a total of $163,912.93, which, deducted from the liabilities of $179,123.33, leaves a balance of $15,210.40, the amount of the deficit. It will therefore be seen that the assessment as made, to wit, $50, on each of 1,500 shares of stock, or $75,000, is far in excess of the amount that may be necessary in the enforcement of the individual liability of the stockholders.

In the case of Knapp Bros. Mfg. Co. v. Robinson Electrical Co., 103 Pa. Superior Ct. 463, 466, the court said: "The long established rule is that judgment for want of a sufficient affidavit of defense will only be entered in clear cases, of which this is not one. A recent decision on this subject is Carter & Greenawalt v. Ellis Hosiery Co., 100 Pa. Superior Ct., 573."

See Cain v. Crow, 114 Pa. Superior Ct. 567. Applying this rule, the plaintiff's motion cannot prevail and must be overruled. We concur with Lark, J., in what

he said in the case of Gordon, Secretary of Banking, v. Dodge, 19 D. & C. 441, and particularly in the following (p. 446) : "It would have been better had the plaintiff in this instance set out in his statement the value of the assets and liabilities as of the day he determined to make the assessment here in question. The right of the secretary to levy the assessment up to the full par value of the defendant's stock is not absolute; he can levy only so much as may be necessary to pay the creditors. There should be sufficient facts alleged in the statement to show not only the necessity for an assessment but how much money is necessary to cover the situation."

At the argument of the case and in his brief, the defendant contended that no assessment can be imposed until the plaintiff has exhausted the assets and the necessity for the amount of the assessment has been judicially determined. That matter is not before us. It could have been or may be raised by the proper proceeding at the proper time. We have before us a motion by the plaintiff for judgment for want of a sufficient affidavit of defense, and we are confined to that question. We cannot now upon that motion consider the inadequacy of the plaintiff's statement and, so finding, direct that judgment be entered against the plaintiff.

Wherefore, we are of the opinion that the motion for judgment for want of a sufficient affidavit of defense must be overruled.

And now, November 7, 1934, upon due consideration, the motion for judgment for want of a sufficient affidavit of defense is hereby overruled.